UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

RONALD J. WALTMAN,

      Plaintiff,

v.

I. C. SYSTEM, INC.,

      Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.     Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.     Plaintiff, RONALD J. WALTMAN, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.     Defendant, I. C. SYSTEM, INC., is a professional corporation and citizen of the State of Minnesota with its principal place of business at 444 Highway 96 East, St. Paul, Minnesota 55127.

5.     Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.     Defendant regularly collects or attempts to collect debts for other parties.

7.     Defendant is a "debt collector" as defined in the FDCPA.

8.     Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.     Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10.     Defendant left the following messages on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

April 17, 2009 – Pre-Recorded Message
Ronald Waltman. Please contact I.C. System about an important business mater at 1-800-561-5695. We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose. Again, please contact us at 1-800-561-5695.

April 18, 2009 – Pre-Recorded Message
Ronald Waltman. Please contact I.C. System about an important business mater at 1-800-561-5695. We are a debt collector attempting to collect a

debt and any information obtained will be used for that purpose. Again, please contact us at 1-800-561-5695.

April 20, 2009 – Pre-Recorded Message
Us at 1-800-561-5695. Ronald Waltman. Please contact I.C. System about an important business mater at 1-800-561-5695. We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose. Again, please contact us at 1-800-561-5695.

April 23, 2009 – Pre-Recorded Message
Ronald Waltman. Please contact I.C. System about an important business mater at 1-800-561-5695. We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose. Again, please contact us at 1-800-561-5695.

April 25, 2009 – Pre-Recorded Message
Ronald Waltman. Please contact I.C. System about an important business mater at 1-800-561-5695. We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose. Again, please contact us at 1-800-561-5695.

April 28, 2009 – Pre-Recorded Message
Ronald Waltman. Please contact I.C. System about an important business mater at 1-800-561-5695. We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose. Again, please contact us at 1-800-561-5695.

April 30, 2009 – Pre-Recorded Message
Ronald Waltman.  Please contact IC System about an important business matter at 1-800-561-5695.  We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.  Again, please contact us at 1-800-561-5695.

May 14, 2009 – Pre-Recorded Message
903-1001. We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose. Again, please contact me at 866-903-1001. Goodbye.

May 15, 2009 – Pre-Recorded Message

3

204-1374. We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose. Again, please contact me at 651-204-1374. Goodbye.

May 23, 2009 – Pre-Recorded Message
561-5695. We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose. Again, please contact me at 800-561-5695. Goodbye.

May 25, 2009 – Pre-Recorded Message
735-0697. We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose. Again, please contact me at 888-735-0697. Goodbye.

11.     Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

12.     The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.     Defendant failed to disclose to Plaintiff in some of the messages the

Defendant's name.

14.     Defendant used an automatic telephone dialing system or a pre-

recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

15.     Plaintiff did not expressly consent to Defendant's placement of

telephone calls to Plaintiff's cellular telephone by the use of an automatic

telephone dialing system or a pre-recorded or artificial voice prior to Defendant's

placement of the calls.

4

16.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

17.     Defendant willfully or knowingly violated the TCPA.

**COUNT I**
**FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY**

18.     Plaintiff incorporates Paragraphs 1 through 17.

19.     Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.     Damages;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other or further relief as the Court deems proper.

**COUNT II**
**TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING**

20.     Plaintiff incorporates Paragraphs 1 through 17.

5

21.     Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs*., 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.     Damages;

    b.     Attorney's fees, litigation expenses and costs of suit; and

    c.     Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

22.     Plaintiff incorporates Paragraphs 1 through 17.

23.     Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.     Damages;

    b.     Attorney's fees, litigation expenses and costs of suit; and

    c.      Such other or further relief as the Court deems proper.

## COUNT IV
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

24.    Plaintiff incorporates Paragraphs 1 through 17.

25.    Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing its name when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.      Damages;

    b.      Attorney's fees, litigation expenses and costs of suit;

    c.      declaring that Defendant's practices violate the FCCPA;

    d.      permanently injoining Defendant from engaging in the complained of practices; and

    e.      Such other or further relief as the Court deems proper.

## COUNT V
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

26.    Plaintiff incorporates Paragraphs 1 through 17.

27.     By failing to disclose its name, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

28.     The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of suit;

      c.     declaring that Defendant's practices violate the FCCPA;

      d.     permanently injoining Defendant from engaging in the complained of practices; and

      e.     Such other or further relief as the Court deems proper.

## COUNT VI
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

29.     Plaintiff incorporates Paragraphs 1 through 17.

30.     Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.     Damages;

b.     a declaration that Defendant's calls violate the TCPA;

c.     a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

d.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough

Donald A. Yarbrough, Esq.
Florida Bar No. 0158658